E-FILED
Monday, 27 July, 2026  11:57:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KENDRICK BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3376 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Stateville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison officials at Menard, Pontiac, Hill, and Lawrence Correctional Centers failed to provide constitutionally adequate treatment for nerve damage and a tooth fragment lodged in Plaintiff's lower jaw nerve.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff alleges treatment, or the lack thereof, that he received for the same injury at five separate correctional centers over the span of approximately seven-to-eight years. The same Eighth Amendment standard applies to the medical and non-medical defendants, but considering the period covered in Plaintiff's complaint, his claims against several defendants are likely time-barred under the applicable statutes of limitations. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process.") (citation omitted); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). For example, Plaintiff alleges that he transferred out of Pontiac Correctional Center in 2019, and any claims arising out of that prison are well outside the two-year period.

Complicating matters is that the prisons where these events allegedly occurred are situated in different judicial districts: Stateville Correctional Center is in the Northern District of

Illinois; Pontiac and Hill Correctional Centers are in this district; and, Lawrence and Menard Correctional Centers are in the Southern District of Illinois. 28 U.S.C. § 93. Plaintiff does not name any medical professionals at Pontiac or Hill as defendants in his complaint, and the officials that presumably reside in this district were likely not involved directly in Plaintiff's medical care. Thus, venue would not be proper in this district.

The Court finds that permitting Plaintiff to litigate his claims against all defendants in one lawsuit is not likely to foster the objectives of the federal rules, and that joinder is not appropriate. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motions for Status (Docs. 11, 13)**

This case addresses all pending issues. The Court also received his trust fund ledgers, and Plaintiff's request for a subpoena is moot. Plaintiff's motions are granted to the extent that he seeks this information and denied as to any other relief requested.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Clerk is directed to send Plaintiff a blank complaint form.**

2) **Plaintiff's Motions [11][13] are GRANTED in part and DENIED in part.**

Entered this 27th day of July, 2026.

_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE

Page **3** of **3**